CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 MAY 26 PM 3: 27

DEPUTY CLERK _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CASE NO: 1:15-CR-081-O-BL |
| DONALD RAY REDEAU | § § § | |

## REPORT AND RECOMMENDATION ON MENTAL COMPETENCY

The question of mental competency of Defendant Donald Ray Redeau to stand trial in the above entitled and numbered cause was presented to and considered by the Court in an evidentiary hearing on May 26, 2016, after due notice to both parties, with said defendant and respective counsel for each of the parties present and participating.[1]

A mental examination has been made of the defendant under order of the Court, by a psychologist possessing the qualifications provided in the Offenders With Mental Disease or Defect Chapter of Title 18, United States Code, and the resulting report of such examination ("Report") has been received, filed (Doc. 107) and considered by the Court. Further, the parties filed an agreed stipulation regarding the Report (Doc. 110), which provided that such be received in evidence by stipulation, without further evidentiary predicate or the necessity of testimony by the author.

At hearing, the parties confirmed the stipulation and that there were no objections to the findings contained in the Report. Counsel for the defendant indicated he had gone

---

[1] The issue of whether the defendant is competent to stand trial was referred to the magistrate judge for Report and Recommendation by order dated May 12, 2016.

over the findings in the Report with his client. The defendant was asked if he understood that the ongoing process was to determine whether he was competent to stand trial, and if he was found not to be competent, that he would be hospitalized for a reasonable period not to exceed 4 months to determine whether there was a substantial probability that he would become competent to stand trial in the future. Defendant acknowledged his understanding to both questions.

Based upon the stipulated report, the evidence received at the hearing, and the representations of counsel, the Court makes the following findings:

i. Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him or to properly assist in his defense.

ii. Defendant's reasoning, problem-solving, and decision-making abilities concerning his case appear to be impaired by psychotic symptoms.

iii. Defendant requires further medical assessment and treatment to stabilize his mental condition.

iv. Defendant is NOT currently competent to stand trial.

v. A substantial probability exists that Defendant will attain the capacity to permit a trial to proceed in the foreseeable future if he is committed for treatment under the provisions of Title 18, United States Code, Section 4241(d).

**IT IS THEREFORE RECOMMENDED** that the defendant, Donald Ray Redeau, be adjudged mentally incompetent to stand trial, and that he be committed to the custody of the Attorney General of the United States under Title 18, United States Code, Section 4241(d), so that the Attorney General may hospitalize him for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that, in the foreseeable future, he will attain the capacity to permit the trial to proceed.

SIGNED this the 26th day of May, 2016.

E. SCOTT FROST
United States Magistrate Judge

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).