IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION
CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED
2017 JUL 12 PM 4:20
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | Case 1:15-CR-00081 |
| DONALD RAY REDEAU | § § § | |

## REPORT AND RECOMMENDATION

Before the Court is a Status Report which requests modification of a scheduling order (Doc. 133) and reconsideration of a request for examination by an expert as to the Defendant's sanity at the time of the offense. The Government agrees this request should be granted. (Doc. 137). This matter was referred to the undersigned United States Magistrate Judge for a report and recommendation. (Doc. 135).

### I. Background

In November of 2015, Defendant Donald Ray Redeau requested of the court

> that prior to any hearings the in above numbered and entitled cause the Court order that a psychiatric and psychological examination of the Defendant be conducted at that a psychiatric and/or psychological report be filed with the Court pursuant to the provisions of Title 18, United States Code, Section 4247(b) and (c) on the Defendant, on the issue of determination of Defendant's sanity at the time of the commission of the offense herein, and on the issue of any mental disease or defect or any other mental condition ... bearing on the issue of Defendant's guilt, and on the issue of Defendant's ability to properly and effectively assist Defendant's attorney in his defense ....

(Doc. 42, 1). The responsive order from the Court addressed only competency—whether Redeau was able to understand the proceedings against him and assist in his defense—but did not order any evaluation or report as to his sanity at the time of the commission of the offense. (Doc. 62).

The relevant report ultimately issued after Redeau was examined by the Federal Medical Center cites only to 18 USC § 4241, which addresses exclusively competency to stand trial and not sanity at the time of the commission of the offense. After review of the record, and as represented by Redeau, at no point was an examination or report made as to Redeau's sanity at the time of the offense.

### B. Legal Standards

Title 18 of the U.S. Code provides that it "is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of severe mental disease or defect, was unable to appreciate the nature and quality of the wrongfulness of his acts." 18 U.S.C. § 17. The Federal Rules of Criminal Procedure require a defendant to issue written notice to the government pre-trial before asserting the defense of insanity. Fed. R. Crim. P. 12.2(a). Furthermore, "[i]f the defendant provides notice under Rule 12.2(a), the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242." Fed. R. Crim. P. 12.2(c)(1)(B). Section 4242 of Title 18 provides similarly that

> [u]pon the filing of a notice ... that the defendant intends to rely on the defense of insanity, the court, upon motion of the attorney for the Government, shall order that a psychiatric or psychological examination of the defendant be conducted, and that a ... report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

### C. Analysis

Here, although Redeau did not separately issue written notice to the government that he intended to raise the defense of insanity, he requests that the court appoint an expert to conduct the evaluation as it would be required to do under § 4242 after such written notice. Similarly, the government has not explicitly moved for the court to order this evaluation, but rather "concurs with the Defendant's request that he be examined to determine his sanity at the time of the

2

commission of the offense as originally requested in his motion (Doc 42)." (Doc. 137). Redeau's pretrial motions must be filed by July 20, 2017, according to the latest scheduling order of this court, meaning he could issue formal written notice to the government and start the chain of events contemplated by Rule 12.2. (Doc. 133). However, based upon the apparent intent of the parties and in the interest of economy, instead of requiring Redeau to issue a more formal invocation of the defense and then requiring the government to make a separate motion on the issue presently before the court, the undersigned **RECOMMENDS** the United States District Judge **ORDER**, *sua sponte*, an evaluation of Redeau's sanity at the time of the offense as contemplated by 18 U.S.C. § 4242 and § 4247(b)-(c) and appropriately modify the relevant scheduling orders.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated July /2, 2017.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**